**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| AT&T CORP., <br><br> Petitioner, <br><br> v. <br><br> TELNYX LLC, <br><br> Respondent. | **Case Number:** <br><br> **Judge:** <br><br> **Magistrate Judge:** |

**PETITIONER'S MOTION TO COMPEL PRODUCTION OF**
**DOCUMENTS PURSUANT TO A NONPARTY SUBPOENA**

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................................ 1

LEGAL STANDARD ........................................................................................................................ 2

ARGUMENT ...................................................................................................................................... 2

    I.    This Court Has Jurisdiction to Enforce AT&T's Subpoena ............................................. 2

    II.   Telnyx's Conduct Is Directly Relevant to the Underlying Litigation............................... 3

    III.  The Documents AT&T Seeks Are Relevant to the Underlying Litigation........................ 4

    IV.  Telnyx Has Refused to Comply with the Subpoena and Has Waived Any Objections ..... 4

CONCLUSION.................................................................................................................................... 5

**INTRODUCTION**

Pursuant to Federal Rule of Civil Procedure 45, AT&T Corp. ("AT&T"), through undersigned counsel, moves to compel nonparty subpoena recipient Telnyx LLC ("Telnyx") to produce documents pursuant to AT&T's subpoena issued by the United States District Court for the Eastern District of Pennsylvania (the "Subpoena") in *Core Communications, Inc., et al. v. AT&T Corp.*, No. 2:21-cv-02771-JDW (the "Underlying Litigation").[1] The Subpoena is dated October 7, 2022 and is attached as Exhibit A.

On June 22, 2021, Core Communications, Inc., CoreTel Delaware, Inc., CoreTel New Jersey, Inc., CoreTel Virginia, LLC, and CoreTel West Virginia, Inc. (collectively, "Core") filed suit in the Eastern District of Pennsylvania to recover payments allegedly owed by AT&T to Core for a type of telecommunications service known as "access service." *See* Complaint (ECF No. 1), *Core Communications, Inc. et al v. AT&T Corp.*, No. 2:21-cv-02771-JDW (E.D. Pa. June 22, 2021). Access services and the associated access charges are billed by local carriers like Core to long distance carriers like AT&T under a complex system administered by the Federal Communications Commission ("FCC") and state public utilities commissions. In its Complaint, Core seeks to collect access charges for services that Core claims to have billed to AT&T for transporting toll-free telephone calls to AT&T and its customers. Through discovery in the Underlying Litigation, AT&T learned that Telnyx delivered a substantial amount of toll-free calls to Core, which then routed the toll-free calls to AT&T. Core charged AT&T for those calls, but AT&T disputes the validity of the charges. AT&T seeks information and documents from Telnyx to determine whether the calls it routed to Core, which were then routed to AT&T, are compensable

---

[1] Pursuant to Federal Rule of Civil Procedure 45(f), AT&T has concurrently filed a Motion to Transfer the present motion to the District Court for the Eastern District of Pennsylvania, which is the court that issued the subpoena in the Underlying Litigation.

1

pursuant to FCC rules, regulations, and other law. As explained below, the documents and communications sought by AT&T pursuant to the Subpoena are directly relevant to Core's claims and AT&T's defenses in the Underlying Litigation.

Nevertheless, Telnyx has failed to comply with the Subpoena. Indeed, Telnyx has failed to respond to the Subpoena or even to contact AT&T to discuss the Subpoena—despite AT&T's repeated attempts to gain compliance. Telnyx has, therefore, waived any objections that it may have had to the Subpoena and must now fully comply with its obligations pursuant to the Subpoena and the Federal Rules of Civil Procedure. For these reasons, the Court should grant AT&T's motion and compel Telnyx to fully comply with the Subpoena by producing responsive documents.

## LEGAL STANDARD

Federal Rule of Civil Procedure 45 governs discovery of nonparties by subpoena. *See* Fed. R. Civ. P. 45. Under Rule 45, parties may command a nonparty to produce documents and electronically stored information. *See* Fed. R. Civ. P. 45(a)(1)(A)(iii). Rule 45 requires that the place of compliance for a third-party subpoena be "within 100 miles of where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(2)(A). When a nonparty fails to comply with a subpoena, "the serving party may move the court for the district where compliance is required for an order compelling production or inspection." Fed. R. Civ. P. 45(d)(2)(B)(i).

## ARGUMENT

### I. This Court Has Jurisdiction to Enforce AT&T's Subpoena

Because Telnyx's principal place of business and the place of compliance are in this District (Ex. A), the Court has jurisdiction to adjudicate this motion and enforce the Subpoena.

2

## II. Telnyx's Conduct Is Directly Relevant to the Underlying Litigation

Although Telnyx is a nonparty to the Underlying Litigation, its conduct is directly relevant. Core routes toll-free ("8YY") telephone traffic to AT&T and other interexchange carriers ("IXCs") under tariffs filed with the FCC and state public utilities commissions. Core aggregates 100% of the 8YY calls that it transports by purchasing wholesale 8YY traffic from other upstream providers. Based on discovery in the Underlying Litigation, AT&T has learned that Telnyx is one of the upstream providers that Core purchases 8YY traffic from. Core then charges IXCs, like AT&T, certain access charges for routing that 8YY traffic to them. Telnyx is Core's eighth highest volume customer with respect to 8YY traffic sent to AT&T. Accordingly, Telnyx's 8YY traffic serves as the basis for a significant portion of the charges that Core seeks to recover in the Underlying Litigation.

However, Core cannot bill AT&T and other IXCs for fraudulent 8YY traffic such as illegitimate "robocalls" that Core failed to police and prevent from coming onto the public network. Additionally, Core may not charge for an access service called "end office switching" unless Core or its upstream customer (*i.e.*, Telnyx) provides a physical connection to the last-mile facilities used to serve the person placing the call.

AT&T and Core dispute whether Core has properly billed AT&T for the 8YY access service charges that it seeks to recover in the Underlying Litigation. Specifically, AT&T argues that Core improperly billed access charges to which Core was not entitled to seek payment. Telnyx is directly involved, given its relationship with Core. Indeed, a significant portion of the 8YY traffic that Core seeks payment on from AT&T originated from Telnyx.

Discovery is ongoing in the Underlying Litigation. The deadline to complete all fact and expert discovery in the Underlying Litigation is May 19, 2023.

**III.     The Documents AT&T Seeks Are Relevant to the Underlying Litigation**

The Subpoena seeks various documents relevant to the Underlying Litigation. It generally seeks documents and communications concerning: the 8YY traffic Telnyx routed to Core; the invoices and payments from Core to Telnyx related to that traffic; the process for routing 8YY traffic to Core, including information about last-mile facilities (which is relevant to whether Core can charge AT&T for a certain type of access charge on 8YY telephone calls); Telnyx's assessment of the propriety of the 8YY traffic it routes to Core, and the results of those assessments; Telnyx's efforts, if any, to ensure the 8YY traffic it routed did not include robocalls (*e.g.*, spoofed or auto-dialed calls); and communications with federal agencies related to illegitimate traffic. *See* Ex. A at 9-10. Because Core routed traffic it received from Telnyx to AT&T, the documents sought pursuant to the Subpoena are directly relevant to Core's claim in the Underlying Litigation. They will show the nature of Telnyx's traffic (*i.e.*, whether it was legitimate and compensable), and are directly relevant to AT&T's arguments in the Underlying Litigation—namely, that Core's 8YY traffic, including that which originated from Telnyx, contained illegitimate and non-compensable calls.

**IV.    Telnyx Has Refused to Comply with the Subpoena and Has Waived Any Objections**

Despite a diligent effort to ensure that Telnyx was properly served, Telnyx has failed to comply with its obligations pursuant to the Subpoena. Indeed, Telnyx ignored an additional effort by AT&T to contact Telnyx to discuss the Subpoena.

Specifically, on October 10, 2022 AT&T successfully served the Subpoena on Telnyx's registered agent. *See* Ex. B. The Subpoena required compliance by November 4, 2022 at 5:00 P.M. *See* Ex. A at 3.

After Telnyx failed to serve written responses and objections or produce any documents pursuant to Rule 45(d)(2)(B) and Rule 45(e)(1), on November 17, 2022, AT&T sent

4

correspondence by Federal Express to Telnyx's registered agent and requested that Telnyx inform AT&T's counsel by November 30, 2022 as to whether Telnyx intended to comply with its obligations pursuant to the Subpoena. *See* Ex. C. This correspondence was accepted by Telnyx's registered agent on November 18, 2022. *See* Ex. D. As of the date of this filing, Telnyx has not contacted AT&T regarding the Subpoena.

To the extent Telnyx has any objections to the Subpoena, it has clearly waived them. Under Federal Rule of Civil Procedure 45, objections to a subpoena must be in writing and served before the earlier of the time specified for compliance or 14 days after the subpoena is served. Fed. R. Civ. P. 45(d)(2)(B). Here, the specified time of compliance was November 4, 2022, and the Subpoena was served October 10, 2022. *See* Ex. B. Both dates have passed, and Telnyx has failed to serve any written objections. Generally, courts find that a nonparty has waived its right to object to a subpoena duces tecum where it failed to make timely objections. *Brogeren v. Phlad*, No. 94 C 6301, 1994 WL 654917, at *1 (N.D. Ill. Nov. 14, 1994) (finding waiver where the nonparty waited for over two months to serve its written objections); *see also HMV Indy, LLC v. Inovateus Solar, LLC*, No. 2:20-mc-52-JDW, 2020 WL 3498259, at *1 (E.D. Pa. June 29, 2020) ("When a party does not comply with [the Fed. R. Civ. P. 45(d)(2)(B)] requirement, it waives its objections."). Because Telnyx has failed to comply with or object to the Subpoena issued by the Eastern District of Pennsylvania, this Court should grant AT&T's Motion to Compel.

## **CONCLUSION**

For the foregoing reasons, AT&T respectfully requests the Court enter an Order (1) granting AT&T's Motion to Compel, (2) finding that Telnyx has waived all objections to the Subpoena, and (3) requiring that Telnyx produce all documents responsive to the Subpoena.

Dated: March 22, 2023

                            Respectfully submitted,

                            */s/ Carla Morgan Branch*
Carla Morgan Branch (Bar No. 6331285)
mbranch@sidley.com
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

Angela C. Zambrano (*pro hac vice* application and appearance form forthcoming)
angela.zambrano@sidley.com
SIDLEY AUSTIN LLP
2021 McKinney Ave., Suite 2000
Dallas, TX 75201
Telephone: (214) 981-3300
Facsimile: (214) 981-3400

Justin A. Benson (*pro hac vice* application and appearance form forthcoming)
jbenson@sidley.com
SIDLEY AUSTIN LLP
1501 K Street NW
Washington, DC 20005
Telephone: (202) 736-8757
Facsimile: (202) 736-8711

*Attorneys for AT&T Corp.*

**CERTIFICATE OF SERVICE**

    I hereby certify that on March 22, 2023, I filed the foregoing document using the CM/ECF system. I further certify that I mailed the foregoing document by U.S. Mail to the following non-CM/ECF participants: Telnyx LLC, c/o InCorp Services, Inc., 901 South 2nd Street, Suite 201, Springfield, IL 62704.

                                                              */s/ Carla Morgan Branch*
                                                              Carla Morgan Branch