# EXHIBIT A



SIDLEY AUSTIN LLP
1501 K STREET, N.W.
WASHINGTON, D.C. 20005
+1 202 736 8000
+1 202 736 8711 FAX

AMERICA • ASIA PACIFIC • EUROPE

+1 202 736 8236
MHUNSEDER@SIDLEY.COM

October 7, 2022

**By Hand Delivery**

Telnyx LLC
c/o InCorp Services, Inc.
901 South 2nd Street, Suite 201
Springfield, IL 62704

311 W Superior Street, Suite 504
Chicago, IL 60654

      Re:    *Core Communications, Inc., et al. v. AT&T Corp.*, No. 2:21-cv-02771-JDW (E.D. Pa.), Subpoena to Produce Documents, Information, or Objects in a Civil Action

To Whom It May Concern:

    Attached is a subpoena issued by AT&T Corp. ("AT&T"), in a case entitled *Core Communications, Inc., et al. v. AT&T Corp.*, No. 2:21-cv-02771-JDW, pending in the United States District Court for the Eastern District of Pennsylvania.

    AT&T is issuing this subpoena because Core Communications, Inc., Coretel Delaware, Inc., Coretel New Jersey, Inc., Coretel Virginia, LLC and Coretel West Virginia, Inc. (collectively, "Core") identified your company as one of a number of call providers that delivered toll-free telephone traffic to Core, which ultimately routed the traffic to AT&T.

    In order to resolve Core's claims and AT&T's defenses, the subpoena asks for a number of documents, including documents regarding the routing of the calls and the steps that your company may have taken to address auto-dialed and/or "spoofed" traffic. We have served similar requests to other companies, and in response to some requests, those companies provided a written response that could substitute for the provision of some documents. We are willing to work with you regarding the scope of your response, and we look forward to hearing from you. Thank you for your attention to this matter.

**SIDLEY**

Page 2

                                        Sincerely,

                                        */s/ Michael J. Hunseder*
                                        Michael J. Hunseder
                                        *Counsel for AT&T Corp.*

Enclosures

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
_____ District of _____

| | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| | ) | |
| *Defendant* | ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:

*(Name of person to whom this subpoena is directed)*

❒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: | Date and Time: |
|---|---|
| | |

❒ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____    _____

*Signature of Clerk or Deputy Clerk*    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## **EXHIBIT A**

## **DEFINITIONS**

1. "Telnyx LLC," "You," and "Your" refer individually and collectively to Telnyx LLC and its predecessors, successors, subsidiaries, parents, affiliates, employees, and agents.

2. "Core" refers collectively to Plaintiffs Core Communications, Inc., CoreTel Delaware, Inc., CoreTel New Jersey, Inc., CoreTel Virginia, LLC, and CoreTel West Virginia, Inc., together with their predecessors, successors, subsidiaries, parents, affiliates, employees, and agents. The term "Core" also includes the entity known as Ton80, including Ton80's predecessors, successors, subsidiaries, parents, affiliates, employees, and agents.

3. "AT&T" refers collectively to Defendant AT&T Corp. and its predecessors, successors, subsidiaries, parents, affiliates, employees, and agents.

4. "Person" shall mean an individual, corporation, firm, proprietorship, partnership, association, joint venture, or other legal, business, or governmental entity, whether foreign or domestic.

5. "Identify" when used in reference to a natural person or other legal entity shall mean: (i) state the full name; (ii) state the present or last known business address, and, in the case of a natural person, residence address; (iii) state the present or last known business telephone number, and, in the case of a natural person, residence telephone number; and (iv) state the person's present or last known position, employer, and primary line of business.

6. "Identify" when used in reference to an action, event, or occurrence, including a communication, meeting, or statement, shall mean: (i) state the date of the action, event, or occurrence; (ii) state the nature of the action, event, or occurrence; (iii) state the location of the action, event, or occurrence; (iv) identify every participant in and witness to the action, event, or

occurrence; and (v) describe the action, event, or occurrence and, if it was a meeting, communication, or statement, state the substance of the matters communicated or discussed.

7. "Communication" or "communications" means communication(s) of every form and manner by which information may be transmitted or received, whether written, oral, or otherwise.

8. "Document" or "documents" is intended to have the broadest possible meaning permitted under the Federal Rules of Civil Procedure. A draft or non-identical copy is a separate document within the meaning of this term.

9. The terms "relating to" or "relate to" shall mean to constitute, discuss, disclose, support, confirm, describe, reflect, identify, deal with, consist of, refer to, establish, list, evidence, substantiate, or in any way pertain, in whole or in part, to the subject.

10. The term "Agreement" shall mean any oral or written document, understanding, contract, or amendment, whether express or implied, between You and Core and/or You and a Core affiliate, including but not limited to Ton80, that relates to the subject.

11. "8YY Traffic" refers to calls dialed to telephone numbers beginning with toll free area codes established by the Federal Communications Commission including, but not limited to, 1-800, 1-855, 1-866, 1-877, and 1-888.

12. "Facilities-Based VoIP" means a Voice over Internet Protocol service in which the VoIP provider owns or leases the last-mile physical infrastructure connecting directly to subscribers' homes and offices.

13. The term "Over-the-top VoIP" means a Voice over Internet Protocol service in which the VoIP provider does not own or lease the physical infrastructure connecting directly to

2

subscribers' homes and offices, and instead connects to its end-user subscribers over internet service they have obtained from a third-party provider.

14. The term "VoIP Partner" refers to any entity that is not a local exchange carrier for which Core billed AT&T access services for functions performed by that entity. For avoidance of doubt, the term "VoIP partner" includes the affiliated or unaffiliated providers of interconnected VoIP service or a non-interconnected VoIP service referred to in 47 C.F.R. § 51.913(b).

15. The term "illegal traffic" is used interchangeably with the term "illegal calls" and these terms are defined as any calls or traffic that violate: (1) the requirements of the Telephone Consumer Protection Act of 1991 or the Truth in Caller ID Act of 2009; (2) the related regulations of the Federal Communications Commission implementing the Telephone Consumer Protection Act or the Truth in Caller ID Act; (3) the Federal Trade Commission's Telemarketing Sales Rule; or (4) any federal or state law or regulation that prohibits calls made for the purpose of defrauding a consumer.

16. The term "toll free traffic pumping" (also known as "robocalling") means a practice that occurs when an entity (a) enters into an agreement with another entity to route 8YY traffic to a local exchange carrier and then (b) uses auto-dialing equipment or routes calls placed using auto-dialing equipment to generate 8YY traffic that the local exchange carrier passes on to an interexchange carrier for payment of access charges. It includes but is not limited to the traffic referred to the Federal Communications Commission in paragraph 17 of its Report and Order entitled 8YY Access Charge Reform, WC Docket No. 18-156, 35 FCC Rcd 11594 (2020).

## DOCUMENTS TO PRODUCE

1. All documents relating to 8YY traffic You routed to Core, including but not limited to communications between You and Core relating to 8YY traffic.

2. All written or oral contracts or Agreements regarding 8YY traffic that You routed to Core, including but not limited to Agreements between You and Core.

3. All invoices between You and Core, and/or any other notices of amounts owed by Core to You or You to Core, that relate to 8YY traffic.

4. All communications between You and any Person that was the source of any 8YY Traffic that You sold to Core, regarding (a) Core; (b) their Agreements and/or contracts with You or Core; (c) payments to or from You or Core; (d) 8YY Traffic; (e) complaints of fraudulent traffic; or (f) fluctuations in the volume of 8YY Traffic.

5. Documents sufficient to show all payments You made to, and all payments You received from, each Person that was the source of 8YY Traffic that You routed to Core.

6. Documents sufficient to show all payments You made to, and all payments You received from, Core that related to 8YY Traffic that You routed to Core.

7. All documents relating to how the 8YY traffic You routed to Core is originated, including whether You or some other entity provide the physical connection to the last-mile facilities used to serve the end user (*i.e.*, the calling party on 8YY traffic).

8. Documents sufficient to show the identity of each of the entities that were the sources of any 8YY Traffic that You routed to Core, including for each entity, the number of minutes.

9. Documents sufficient to show the manner in which You market or advertise Your services to the source of the 8YY Traffic that You sold to Core, including but not limited to any sales manuals or pre-approved service Agreement forms that You received from Core.

10. Documents relating to any assessment or analysis You have undertaken of the 8YY Traffic You routed to Core to determine whether any of that 8YY Traffic was autodialed, was illegal traffic, was the result of toll free traffic pumping, involved "spoofed" or manipulated calling party information, and/or originated outside of the United States.

11. Documents sufficient to identify any and all entities that You have ceased doing business with based on the results of the assessments or analyses identified in response to Document Request No. 10.

12. Documents containing or referencing communications between You and the Federal Bureau of Investigation or the Federal Communications Commission relating to alleged or established toll free traffic pumping, autodialed 8YY Traffic, spoofing of calls, or traffic originating outside of the United States.

13. Documents sufficient to identify Your efforts, if any, to ensure that the 8YY Traffic that You routed to Core did not include calls that were autodialed and/or involved spoofed or manipulated calling party information and/or originated outside of the United States, including the effectiveness of any such efforts.

14. Documents sufficient to identify the percentage of the 8YY Traffic that You sold to Core that originated outside of the United States.

15. Documents sufficient to show all payments You made and/or received as part of the purchase or sale of any 8YY Traffic minutes that You sold to Core. For the avoidance of any doubt, this request encompasses any such payments in any direction between You and any Core entity and/or between You and any non-Core entity.