# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| AT&T CORP., <br><br> Petitioner, <br><br> v. <br><br> TELNYX LLC, <br><br> Respondent. | **Case Number:** <br><br> **Judge:** <br><br> **Magistrate Judge:** |

## PETITIONER'S MOTION TO TRANSFER PURSUANT TO RULE 45(F)

# TABLE OF CONTENTS

INTRODUCTION .................................................................................................................. 1

LEGAL STANDARD........................................................................................................... 1

ARGUMENT......................................................................................................................... 2

    I.    The Court Should Transfer the Motion to Compel Because Exceptional Circumstances Are Present...................................................................................................................... 2

CONCLUSION..................................................................................................................... 4

## INTRODUCTION

AT&T Corp. ("AT&T"), through undersigned counsel, respectfully submits this Motion to Transfer Pursuant to Federal Rule of Civil Procedure 45(f).

Under Federal Rule of Civil Procedure 45, AT&T submitted a motion to compel nonparty subpoena recipient Telnyx LLC ("Telnyx") to produce documents pursuant to AT&T's subpoena issued by the United States District Court for the Eastern District of Pennsylvania (the "Subpoena") in *Core Communications, Inc. et al. v. AT&T Corp.*, No. 2:21-cv-02771-JDW (the "Underlying Litigation"). As further detailed below, the risk of inconsistent discovery rulings, the complexity of the Underlying Litigation, and the interests of judicial economy and efficiency favor transfer of AT&T's motion to compel to the United States District Court for the Eastern District of Pennsylvania.

## LEGAL STANDARD

Federal Rule of Civil Procedure 45(d)(2)(B)(i) provides that where a nonparty subpoena recipient has failed to comply with or object to a subpoena—as Telnyx has done here, *See* Mot. to Compel, 4-5—"the serving party may move the court for the district where compliance is required for an order compelling production or inspection." Fed. R. Civ. P. 45(d)(2)(B)(i). "When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f). While the Federal Rules do not define "exceptional circumstances," the Advisory Committee Note explains that "transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when the court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts." Fed. R. Civ. P. 45, Advisory Committee Note to 2013 Amendment. "The Seventh Circuit, too, identifies the 'consolidation of motions in a single

appropriate court, thereby avoiding piecemeal litigation in multiple fora as well as piecemeal appeals' as the purpose of Rule 45(f)." *DiCello Levitt & Casey LLC v. Objecting Minority Noteholders*, No. 9 CV 252, 2019 WL 13229221, at *2 (N.D. Ill. Feb. 19, 2019) (quoting *P.H. Glatfelter Co. v. Windward Prospects Ltd.*, 847 F.3d 452, 458 (7th Cir. 2017)).

When considering whether "exceptional circumstances" support transfer to the issuing court under Rule 45(f), "the court should consider 'the complexity, procedural posture, duration of pendency, and the nature of the issues pending before, or already resolved by, the issuing court in the underlying litigation.'" *Id.* (quoting *Jud. Watch, Inc. v. Valle Del Sol, Inc.*, 307 F.R.D. 30, 34 (D. D.C. 2014)).

## ARGUMENT

### I. The Court Should Transfer the Motion to Compel Because Exceptional Circumstances Are Present

Here, the facts support a finding of exceptional circumstances warranting transfer. Like Telnyx, other nonparties to the Underlying Litigation have failed to comply with subpoenas issued by AT&T pursuant to Rule 45. Indeed, AT&T has already filed a motion to compel another nonparty to produce documents in the United States District Court for the Middle District of Florida. Mot. to Compel, *AT&T Corp. v. Voxon LLC*, 8:22-mc-00043-WFJ-AAS (M.D. Fla. Nov. 21, 2022) (Dkt. 1). That motion to compel was transferred pursuant to Rule 45(f) to the Eastern District of Pennsylvania (Order, *Id.* (Dkt. 15)), where the court that issued the subpoena granted the motion. Order, *AT&T Corp. v. Voxon LLC*, 2:22-mc-00067-JDW (E.D. Pa. Jan. 3, 2023) (Dkt. 19). Therefore, the issuing court "has already ruled on issues presented by the motion," which supports transfer. *DiCello Levitt & Casey*, 2019 WL 13229221, at *2. Furthermore, AT&T expects that it may have to file additional motions to compel (and motions to transfer) in other jurisdictions around the country. This possibility presents exactly the situation the Advisory

Committee noted as a basis for exceptional circumstances supporting transfer: "the same issues are likely to arise in discovery in many districts." Fed. R. Civ. P. 45, Advisory Committee Note to 2013 Amendment. Without transfer, there is a risk of conflicting rulings on the relevance of the subpoenaed documents. *See DiCello Levitt & Casey*, 2019 WL 13229221, at *2 ("[C]ourts regularly transfer to avoid rulings on the same issues in multiple districts or even the possibility of multiple rulings.").

Moreover, the complexity of the Underlying Litigation makes transfer appropriate. As detailed in AT&T's Motion to Compel, the disputed access services and associated access charges are billed under a complex system administered by the Federal Communications Commission and state public utilities commissions. *See* Mot. to Compel, 1. AT&T argues in the Underlying Litigation that there is repeated and long-occurring fraudulent conduct by multiple parties. *See* Mot. to Compel, 2–4. The issuing court has shown that it is ready and willing to adjudicate third-party discovery disputes. Granting this motion to transfer would avoid interference with the issuing court's management of the complex Underlying Litigation. *See DiCello Levitt & Casey*, 2019 WL 13229221, at *2 (finding the complexity of the underlying litigation favored transfer of a Rule 45 motion).

Finally, there is nothing to demonstrate that Telnyx has any interest in a local resolution of the matter, or that any such interest outweighs the issuing court's familiarity with the issues, parties, prior orders, and interest in managing its case. Indeed, had Telnyx replied to AT&T's attempts to discuss the Subpoena, Telnyx could have communicated its concerns regarding any potential burden. Moreover, compliance with the Subpoena will likely involve electronic production, which eases any burden on Telnyx to produce documents. *See Dou v. Carillon*

*Tower/Chicago LP*, No. 18 CV 7865, 2020 WL 5502345, at *2 (N.D. Ill. Sept. 11, 2020).[1] The risk of inconsistent discovery rulings, the complexity of the Underlying Litigation, and the interests of judicial economy and efficiency outweigh any interests Telnyx may have in litigating AT&T's motion to compel locally. Therefore, transfer is appropriate.

## **CONCLUSION**

For the foregoing reasons, AT&T respectfully requests the Court enter an Order granting AT&T's Motion to Transfer.

Dated: March 22, 2023

Respectfully submitted,

  */s/ Carla Morgan Branch*
Carla Morgan Branch (Bar No. 6331285)
mbranch@sidley.com
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

Angela C. Zambrano (*pro hac vice* application and appearance form forthcoming)
angela.zambrano@sidley.com
SIDLEY AUSTIN LLP
2021 McKinney Ave., Suite 2000
Dallas, TX 75201
Telephone: (214) 981-3300
Facsimile: (214) 981-3400

---

[1] The Federal Rules have other provisions that also ease Telnyx's potential burden. Under Rule 45(f), "if the attorney for a person subject to a subpoena is authorized to practice in the court where the motion was made, the attorney may file papers and appear on the motion as an officer of the issuing court." Also alleviating Telnyx's potential burden, the Advisory Committee notes encourage the court to permit telephonic participation after transfer to minimize travel costs to nonparties. *See* Fed. R. Civ. P. 45, Advisory Committee Note to 2013 Amendment.

Justin A. Benson (*pro hac vice* application and appearance form forthcoming)
jbenson@sidley.com
SIDLEY AUSTIN LLP
1501 K Street NW
Washington, DC 20005
Telephone: (202) 736-8757
Facsimile: (202) 736-8711

*Attorneys for AT&T Corp.*

**CERTIFICATE OF SERVICE**

      I hereby certify that on March 22, 2023, I filed the foregoing document using the CM/ECF system.  I further certify that I mailed the foregoing document by U.S. Mail to the following non-CM/ECF participant: Telnyx LLC, c/o InCorp Services, Inc., 901 South 2nd Street, Suite 201, Springfield, IL 62704.

                                            */s/ Carla Morgan Branch*
                                            Carla Morgan Branch